# Exhibit 6

```
 1                  UNITED STATES DISTRICT COURT

 2                 SOUTHERN DISTRICT OF CALIFORNIA

 3

 4  UNITED STATES OF AMERICA,    )  Case No. 07CR3438-DMS
                                 )
 5          Plaintiff,           )  San Diego, California
                                 )
 6  vs.                          )  Tuesday,
                                 )  January 15, 2008
 7  LADISLAO OCAMPO FLORES,      )  1:30 p.m.
                                 )
 8          Defendant.           )
                                 )
 9

10            TRANSCRIPT OF CHANGE OF PLEA HEARING
         BEFORE THE HONORABLE ANTHONY J. BATTAGLIA
11              UNITED STATES MAGISTRATE JUDGE

12  APPEARANCES:

13  For the Plaintiff:          JOSEPH ORABONA, ESQ.
                                Assistant United States
14                               Attorney
                                880 Front Street
15                              San Diego, California 92101

16  For the Defendant:          JOHN R. FIELDING, ESQ.
                                600 West Broadway, Suite 1550
17                              San Diego, California 92101
                                (619) 233-0467
18
    Transcript Ordered by:      JOSEPH ORABONA, ESQ.
19
    Transcriber:                Jordan Keilty
20                              Echo Reporting, Inc.
                                6336 Greenwich Drive, Suite B
21                              San Diego, California 92122
                                (858) 453-7590
22

23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

1

1  SAN DIEGO, CALIFORNIA  TUESDAY, JANUARY 15, 2008 1:30 P.M.
2                              --oOo--
3       (Call to order of the Court.)
4       THE CLERK:  Calling matters three, four, and five
5  on calendar.
6       (Pause while the Court heard other matters.)
7       THE CLERK:  And number five, Case Number 07CR3438-
8  DMS, United States of America versus Ladislao Ocampo Flores.
9       MR. FIELDING:  Good afternoon, your Honor.  John
10 Fielding, appearing on behalf of the Defendant, who's
11 present before the Court.
12      THE COURT:  All right.  Good afternoon, sir.
13      And then for the government?
14      MS. KAISER:  Good afternoon, your Honor.
15 Charlotte Kaiser on behalf of the United States for matters
16 number three and four.
17      THE COURT:  All right.  Great.
18      MR. ORABONA:  Good afternoon, your Honor.  Joseph
19 Orabona on behalf of the United States for matter number
20 five.
21      THE COURT:  Okay.  Great.
22    (Pause while the Court heard other matters.)
23      THE COURT:  And all of you gentlemen are here to
24 change your plea.  We'll get the paperwork straightened out,
25 and we'll start that in just a moment.

*Echo Reporting, Inc.*

2

1       (Pause while the Court heard other matters.)
2           THE CLERK: Ladislao Ocampo Flores, do you now
3  desire to withdraw your former plea of not guilty to the
4  information charging you with misuse of a passport and plead
5  guilty?
6           THE DEFENDANT: Yes.
7           THE CLERK: And how do you now plead to the
8  information filed, guilty or not guilty?
9           THE DEFENDANT: Guilty.
10          THE CLERK: Do you waive further reading of the
11 count?
12          MR. FIELDING: So waived.
13          THE CLERK: I'm sorry?
14          MR. FIELDING: Yes.
15          THE COURT: Yes? Thank you.
16          THE CLERK: Please raise your right hands.
17       LADISLAO OCAMPO FLORES - DEFENDANT - SWORN
18          THE COURT: All right. Now, gentlemen, are all
19 three of you 18 years of age or older?
20          THE DEFENDANT: Yes.
21      (Pause while the Court heard other matters.)
22          THE COURT: And have any of you had any
23 medication, drugs, or taken anything else in the past three
24 days that would make it difficult for you to understand
25 what's happening in your case today?

3

1       THE DEFENDANT:  No.
2    (Pause while the Court heard other matters.)
3       THE COURT:  Do any of you read English, the
4  English Language?
5    (Pause while the Court heard other matters.)
6       THE COURT:  All right.  And Mr. Ocampo, all right.
7       Now, each of you is under oath today for the
8  hearing.  If any of you give false answers to questions
9  you're asked, those could be used against you later on in a
10 prosecution for perjury or false statement?
11      THE DEFENDANT:  Yes.
12   (Pause while the Court heard other matters.)
13      THE COURT:  You're pleading guilty here today, but
14 you'll be sentenced by different judges in the days or weeks
15 ahead.  And while you have a right to enter the plea that
16 you're making today before the sentencing judge, each of you
17 has signed a consent form saying that you're willing to
18 plead guilty here, waiving the hearing before the sentencing
19 judge and be sentenced by them later.
20      Do all of you understand that?
21      THE DEFENDANT:  Yes.
22   (Pause while the Court heard other matters.)
23      THE COURT:  Okay.  We'll file your consent forms.
24      By pleading guilty in these cases, each of you
25 waives constitutional rights that you have.  You each have a

*Echo Reporting, Inc.*

1 right to continue to plead not guilty and have a speedy and
2 public jury trial in your case.
3     You have a right to have the trial start within 70
4 days of your arraignment, and at a trial a right to be
5 convicted by evidence beyond a reasonable doubt.
6     Each of you has a right to be represented by an
7 attorney at trial, and you all qualify for appointed
8 counsel.  So it wouldn't cost you any money to have the case
9 tried.
10     At trial you have a right to confront and cross
11 examine the witnesses that the Government would bring in in
12 their efforts to prove the case, a right to have witnesses
13 subpoenaed to testify on your behalf, a right to present any
14 defense you have to these charges, and a right to stay
15 silent at trial.  You can't be forced to testify, and the
16 Government can't refer to your silence in some effort to use
17 the silence against you.
18     You have those rights, but by pleading guilty you
19 give up all of those here today.
20     Do you understand that?
21     THE DEFENDANT:  Yes, your Honor.
22     (Pause while the Court heard other matters.)
23     THE COURT:  Now, you will be required to testify
24 briefly today about what you did that makes you guilty in
25 your case of this crime.  That is so the Court can determine

5

1  the elements of the -- if the elements of the offense are
2  satisfied.
3       (Pause while the Court heard other matters.)
4           THE COURT:  And, Mr. Ocampo, on the misuse of
5  passport, the elements are that you willfully and knowingly
6  used or attempted to use a passport issued to another
7  person.
8           Do you understand that those are the elements
9  you'll testify about, sir?
10          THE DEFENDANT:  Yes.  Yes, your Honor.
11          THE COURT:  And each of the crimes you're pleading
12 guilty to have certain maximum penalties.
13      (Pause while the Court heard other matters.)
14          THE COURT:  And, Mr. Ocampo Flores, the misuse of
15 passport charge carries a 10-year maximum in prison,
16 $250,000 in fines, and mandatory special assessment of $100,
17 and a term of supervised release of three years.
18          Do you understand that?
19          THE DEFENDANT:  Yes.
20          THE COURT:  All of you face some period of
21 supervised release, and that means you'll have to follow
22 rules during that period of time.  If any of you violate the
23 rules in your case, that could result in a revocation of
24 your release and you could be sent back to prison for a
25 period equal to the full time of supervised release

*Echo Reporting, Inc.*

6

1  originally set.
2        Do each of you understand that possible
3  consequence?
4        THE DEFENDANT:  Yes.
5      (Pause while the Court heard other matters.)
6        THE COURT:  And each of you has agreed in your
7  plea agreements to a stipulated removal, meaning that you'll
8  be removed from the United States after the serving of your
9  prison sentence and be excluded from further return, and
10 you've given up the right to challenge, appeal, or reopen or
11 attack that removal order.
12       Is that clear to each of you?
13       THE DEFENDANT:  Yes.
14     (Pause while the Court heard other matters.)
15       THE COURT:  And, counsel, do any of your clients
16 have other charges pending or are they on probation, parole,
17 or supervised release somewhere else?
18     (Pause while the Court heard other matters.)
19       MR. FIELDING:  Same as to Mr. Ocampo.  He did have
20 some problems in Illinois.  I'm not sure of the status of
21 it.
22       THE COURT:  All right.  Well, gentlemen, to the
23 extent that this applies, I mean, if there are -- if you are
24 on probation, parole, or supervised release in some other
25 case, you need to understand two things.  One, the

7

1  conviction you'll now have in your current case could result
2  in a revocation of that probation, parole, or supervised
3  release.
4          Also, the sentencing judge here in this Federal
5  Court may not be the same as the other case, and this judge
6  will sentence you solely as to this crime.  The matter of
7  sentencing on your other matter will be left to the other
8  judge if, in fact, that's the case.
9          Do you all understand that, at least that it might
10 apply?
11         THE DEFENDANT:  Yes.
12     (Pause while the Court heard other matters.)
13         THE COURT:  All right.  Now, he sentence that you
14 will be receiving the sentencing judges will arrive at after
15 considering the Federal Sentencing Guidelines.  They're
16 advisory to this process.
17         Have each of you talked about those guidelines
18 with your attorneys and their possible application?
19         THE DEFENDANT:  Yes.
20     (Pause while the Court heard other matters.)
21         THE COURT:  Do each of you understand that the
22 guidelines are not mandatory and that as a result the
23 sentencing judge does not have to follow them?
24         THE DEFENDANT:  Yes.
25

8

1        (Pause while the Court heard other matters.)
2        THE COURT: So that judge could vary from the
3 guideline recommendations and, in fact, sentence you all the
4 way up to the statutory maximums we talked about moments
5 ago.
6        Is that clear?
7        THE DEFENDANT: Yes.
8        (Pause while the Court heard other matters.)
9        THE COURT: Okay. And if you find, once
10 sentenced, that your sentence is more severe than you were
11 expecting, you will not have the opportunity at that point
12 to withdraw the plea. This plea you make here today will be
13 binding upon you.
14        Understood?
15        THE DEFENDANT: Yes.
16       (Pause while the Court heard other matters.)
17        THE COURT: All right. Now, I have plea
18 agreements for each of you in your cases, and it appears
19 that each of you has initialed the pages of the agreements
20 leading up to and sometimes including the last page and you
21 have signed the last page where there's a line for that
22 signature and your name with the word "Defendant."
23        Have each of you initialed and signed the
24 documents as I've now described?
25        THE DEFENDANT: Yes.

9

1     (Pause while the Court heard other matters.)
2          THE COURT:  Okay.  Before initialing and signing
3 these, gentlemen, did you either read them or have them
4 translated to you fully in Spanish as appropriate?
5          THE DEFENDANT:  Yes.
6     (Pause while the Court heard other matters.)
7          THE COURT:  Okay.  Did each of you discuss the
8 agreements thoroughly with your attorneys?
9          THE DEFENDANT:  Yes.
10    (Pause while the Court heard other matters.)
11         THE COURT:  Any of you have any questions today
12 about what is in the plea agreement for your case or how
13 it's going to apply to you?
14         THE DEFENDANT:  No.
15    (Pause while the Court heard other matters.)
16         THE COURT:  The plea agreements carry provisions
17 that say that you are willing to waive your rights to appeal
18 or collaterally attack the conviction and sentence in your
19 case unless you're sentenced to jail time higher than the
20 high end of the guideline range applicable to you and as
21 recommended by the Government at the time of sentencing.
22         Do each of you understand that?
23         THE DEFENDANT:  Yes.
24    (Pause while the Court heard other matters.)
25         THE COURT:  And is each of you clear on what it

10

1 means to either appeal or collaterally attack the conviction
2 and sentence of your case?
3          THE DEFENDANT:  Yes.
4     (Pause while the Court heard other matters.)
5          THE COURT:  Okay.  Now, counsel, have each of you
6 discussed the plea agreements with your clients, including
7 that provision on waiver of appeal and collateral attack?
8          MR. FIELDING:  Yes, your Honor.
9     (Pause while the Court heard other matters.)
10          THE COURT:  Okay.  And do each of you have the
11 opinion that your clients understand these agreements in
12 their entirety?
13          MR. FIELDING:  Yes as to Mr. Ocampo.
14     (Pause while the Court heard other matters.)
15          THE COURT:  Okay.  Now, gentlemen, now that we've
16 talked about the maximum penalties and the rights you have
17 and will be giving up by pleading guilty, I'm going to ask
18 you if you still intend to plead guilty here today, but
19 first let me ask you have any of you been promised anything
20 besides what the Government has promised in the plea
21 agreement that's led to your decision to plead guilty?
22     (Pause while the Court heard other matters.)
23          THE COURT:  Mr. Ocampo?
24          THE DEFENDANT:  No.
25          THE COURT:  No.

11

1        Anybody threaten you into pleading guilty?
2        THE DEFENDANT:  No.
3   (Pause while the Court heard other matters.)
4        THE COURT:  And then, Mr. Ocampo, on the charge of
5   misuse of passport, are you guilty or not guilty, sir?
6        THE DEFENDANT:  Guilty.
7        THE COURT:  And concerning the facts, sir, on
8   November 20th of 2007, did you apply for admission to the
9   United States at the San Ysidro, California Port of entry?
10       THE DEFENDANT:  No.
11       THE COURT:  Is the date incorrect, sir, or the
12  location?
13       THE DEFENDANT:  San Ysidro.
14       THE COURT:  San Ysidro?  Okay.  So you came -- you
15  applied to enter the United States at the San Ysidro Port of
16  Entry, right?
17       THE DEFENDANT:  Yes.
18       THE COURT:  And the November 20th, 2007 date, is
19  that close in time to when it was when you did this?
20       THE DEFENDANT:  Yeah, it is.
21       THE COURT:  Okay.  On that date, sir, did you
22  provide a United States Passport to the Customs and Border
23  Protection Officer at the border?
24       THE DEFENDANT:  No.
25       THE COURT:  You didn't give a passport to --

```
                                                                12
 1             THE DEFENDANT:  I gave the passport, yes.
 2             THE COURT:  Okay.  And did you say that it was
 3   your passport?
 4             THE DEFENDANT:  Yeah, I said that.
 5             THE COURT:  Okay.  And the passport was issued to
 6   a Carlos Perola Rivera, right?
 7             THE DEFENDANT:  Correct.
 8             THE COURT:  And it bore the number 037159082 it
 9   says in the plea agreement.  Do you agree that that was the
10   number?
11             THE DEFENDANT:  Correct.
12             THE COURT:  Okay.  And you knew when you presented
13   it that it was not yours, true?
14             THE DEFENDANT:  True.
15             THE COURT:  And you had a desire to enter the
16   United States at that time even though you did not have
17   consent or permission of the authorities, true?
18             THE DEFENDANT:  Correct.
19             THE COURT:  And at the time of this crime, sir,
20   you were not a citizen of the United States, is that
21   correct?
22             THE DEFENDANT:  No.
23             THE COURT:  Let me ask it better.  Were you a
24   citizen of the United States on November 20th of 2007?
25             THE DEFENDANT:  No.
```

```
                                                              13
 1            THE COURT:  Sir, you had been previously denied
 2   admission to the United States or were excluded, deported,
 3   or removed.  True?
 4            THE DEFENDANT:  Yes.
 5            THE COURT:  And after that exclusion, deportation
 6   or removal, the U.S. Government had not given you permission
 7   to apply for readmission, correct?
 8            THE DEFENDANT:  Correct.
 9            THE COURT:  Okay.  Is the Government satisfied
10   here, Mr. Orabona, with the factual basis?
11            MR. ORABONA:  Yes, your Honor.  Thank you.
12            THE COURT:  And, Mr. Fielding, is your client's
13   plea voluntary and with your concurrence, sir?
14            MR. FIELDING:  Yes, sir.
15            THE COURT:  All right.  I will find in each of
16   your cases, gentlemen, that you are pleading guilty
17   knowingly and voluntarily, that there are factual bases to
18   support the pleas meeting the elements of the crime, and
19   I'll recommend therefore that your pleas be accepted and you
20   be sentenced as follows.
21        (Pause while the Court heard other matters.)
22            THE COURT:  And, Mr. Ocampo, Judge Sabraw will be
23   sentencing you in your case, and I'm showing April 4th at
24   9:00 a.m. as the date and time for that.
25            Is that going to work, Mr. Fielding, for his case?
```

1          MR. FIELDING:  Yes.

2          THE COURT:  All right.  So those will be the dates
3   and times.  Your findings and recommendations will be filed
4   in the case along with the plea agreements that have been
5   submitted here.  I also will exclude time under the Speedy
6   Trial Act since your cases are not heading toward trial at
7   this point given the plea you've tendered and to avoid the
8   potential for a miscarriage of justice that could otherwise
9   occur.

10          (Pause while the Court heard other matters.)

11          THE COURT:  And for Mr. Ocampo it looks like
12   there's a February 15th motion hearing with Judge Sabraw.
13   Should that be vacated then, Mr. Fielding, and Mr. Orabona?

14          MR. FIELDING:  Yes.

15          MR. ORABONA:  Yeah, that's fine, your Honor.

16          THE COURT:  Okay.  And that's off as well.  So
17   good luck to all of you in the final outcome.

18          MR. ORABONA:  Your Honor?

19          THE COURT:  Yes, sir.

20          MR. ORABONA:  I'm sorry to interrupt.  Just with
21   respect to Mr. Ocampo, I think there are two matters I need
22   to address.

23          THE COURT:  Sure.  Okay.

24          MR. ORABONA:  If he can just stay behind.

25          THE COURT:  Well, the rest of you are free to go.

15

1  Mr. Ocampo, why don't you stay put for a moment.
2             MR. ORABONA:  I'm sorry, your Honor.  I was --
3             THE COURT:  That's okay.
4             MR. ORABONA:  -- going through the file.  It
5  appears that the information that was filed in this case
6  contains the date of February 6, 2004.  That should have
7  been November 25th, 2007.  I think that might have been what
8  some of the confusion is for Mr. Ocampo.  It was November
9  25th, not November 20th.  So I think we're going to have to
10 interlineate the plea agreement and just address those
11 matters.
12            THE COURT:  Okay.  Let me find that and let you
13 adjust that.  So that may be, Mr. Ocampo, the problem.  We
14 were dealing with a date that may have confused you a bit.
15 So here's the agreement.  You folks can -- do you want the
16 plea agreement back on that?
17            MR. ORABONA:  Yes, your Honor.  We are
18 interlinating and initialing.
19            THE COURT:  Okay.  And then go ahead and
20 interlineate that.  We'll amend the information by
21 interlineation as requested.  That's been accomplished.
22            MR. ORABONA:  I apologize for that, your Honor.
23            THE COURT:  No problem.  No problem.  We want to
24 make sure we get it right at this point.
25            Okay.  And then, Mr. Ocampo, just to make sure,

16

you've -- we've changed the plea agreement to read the date of the offense to be November 25th, 2007, and that was the date you did these things you've testified about.

Right, sir?

THE DEFENDANT: Yes.

THE COURT: Okay. All right. Anything further then, counsel, as to Mr. Ocampo's case at this point?

MR. ORABONA: No, your Honor. Thank you very much.

THE COURT: All right. Well, good luck, sir, and thanks, counsel. We'll be in recess.

(Proceedings concluded.)

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_Jordan Kelly_    9-9-08
Transcriber       Date

FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

_L.L. Francisco_
L.L. Francisco, President
Echo Reporting, Inc.