# Exhibit 8

**LAW OFFICES OF JOHN R. FIELDING, JR.**
State Bar No. 108303
402 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 233-0467
Facsimile: (619) 233-0475

Attorney for Defendant,
LADISLAO OCAMPO FLORES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Dana M. Sabraw)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 07CR3438-001-DMS |
| Plaintiff, | **DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT** |
| v. | |
| LADISLAO OCAMPO FLORES | |
| Defendant. | |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY, JOSEPH ORABONA, ASSISTANT UNITED STATES ATTORNEY, AND LYNETTE M. WILLIAMS, UNITED STATES PROBATION OFFICER

PLEASE TAKE NOTICE that on April 18, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, defendant, Ladislao Ocampo FLORES ("Mr. Flores"), by and through his counsel, John R. Fielding, Jr., will appear in this Court for sentencing.

**HISTORY OF CASE**

On January 15, 2008, Mr. Flores pled guilty to a one-count superseding information charging him with 18 U.S.C. § 1544 ("Misuse of a Passport"). His sentencing is currently set for April 18,

2008.

**<u>OBJECTIONS TO PRESENTENCE REPORT</u>**

Mr. Flores objects to the summary of his "criminal history" in the Presentence Report ("PSR"). First, based on discussions with my client, it appears likely that Mr. Flores did not suffer some of the convictions identified in the PSR. It appears that Mr. Flores may not have been in Racine County, Wisconsin on the dates provided in the summaries of the prior convictions, six (8/4/99), seven (1/3/00) and eight (8/2/02). It is possible that another individual, Edordo Ocampo, identified on page 6 of the PSR, suffered these convictions rather than Mr. Flores. As to conviction nine (2/15/07), it appears that Mr. Flores may have been in Illinois on the date the offense was allegedly committed in Arizona.

Second, it appears that Mr. Flores' pre-arraignment detentions may be the source of the "periodic imprisonment" alleged in the summaries of prior convictions, one (4/15/97), two (8/25/97), three (8/27/97), and four (10/22/97), as opposed to a "prior sentence of imprisonment" as the term is used in U.S.S.G., § 4A1.1, 18 U.S.C.A.

Finally, it appears that prior convictions, one, two, three, and four may have arisen out of "related cases," thus constituting a "single sentence" for the purposes of U.S.S.G., § 4A1.1, 18 U.S.C.A. as explained in *U.S. v. Krzeminski*, 81 F.3d 681, 682 (7th Cir., 1996).

> If there are multiple sentences that meet [the § 4A1.1, one year] requirement, however, and those sentences were imposed in related cases, the multiple sentences are treated as a single sentence in applying section 4A1.1(a). See U.S.S.G. §§ 4A1.1 comment. (n.1) & 4A1.2(2). Prior sentences are considered to be related "if they resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing," unless the offenses were separated by an intervening arrest. U.S.S.G. § 4A1.2 comment. (n.3). Thus, if a defendant has three prior sentences exceeding one year and one month but the sentences were entered in related cases, only one of the three is considered under section 4A1.1(a). *Id*.

If the court sustains Mr. Flores' objections on the above grounds, his criminal history score will be less than 13, thereby taking him out of Category VI.

DEFENDANT FLORES' OBECTIONS TO PRESENTENCE REPORT

- 2 -

# **CONCLUSION**

It is respectfully requested that this Honorable Court agree with the defendant's objections to the Presentence Report.


DATED:  April 7, 2008                                          Respectfully submitted,

<u>Signed: /s/ John Fielding</u>
John R. Fielding, Jr.
Attorney for Defendant
jfieldingattyatlaw@yahoo.com