# Exhibit 10

| | |
|---|---|
| 1 | KAREN P. HEWITT<br>United States Attorney |
| 2 | JOSEPH J.M. ORABONA<br>Assistant U.S. Attorney |
| 3 | California State Bar No. 223317<br>Federal Office Building |
| 4 | 880 Front Street, Room 6293<br>San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-7736<br>Facsimile: (619) 235-2757 |
| 6 | Email: joseph.orabona@usdoj.gov |
| 7 | Attorneys for Plaintiff<br>United States of America |

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 07CR3438-DMS |
| | ) | |
| Plaintiff, | ) | Date: June 6, 2008 |
| | ) | Time: 9:00 a.m. |
| v. | ) | The Honorable Dana M. Sabraw |
| | ) | |
| LADISLAO OCAMPO-FLORES, | ) | **THE UNITED STATES'**<br>**SENTENCING MEMORANDUM** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Sentencing Memorandum in the above-referenced case. This memorandum is based on the files of this case, the Presentence Report ("PSR"), and the addendums to the PSR ("A-PSR"), concerning LADISLAO OCAMPO-FLORES ("Defendant"). For the reasons set forth below, the Court should impose the 30-month sentence recommended by the United States.

//

//

//

//

# I

# INTRODUCTION

On January 15, 2008, Defendant pled guilty to misuse of a United States passport, in violation of 18 U.S.C. § 1544. Pursuant to the terms of the Plea Agreement, the United States is recommending that Defendant be sentenced to the low end of the advisory guidelines range, which, according to the United States' Sentencing Summary Chart (incorporated by reference and filed on March 5, 2008), results in a sentence of 30 months' imprisonment. In addition, the United States has agreed not to charge Defendant with aggravated identity theft, in violation of 18 U.S.C. § 1028A, which carries a mandatory minimum sentence of two years' imprisonment to run consecutive to any other sentence imposed against Defendant. That means the Defendant is not otherwise facing a minimum sentence of 54 months' imprisonment had the United States charged and convicted Defendant of a violation of Sections 1544 and 1028A. As such, the United States' position is that the negotiated low-end sentence of 30 months' imprisonment satisfies all of the factors set forth in Section 3553(a), and is both necessary and appropriate in this case.

# II

# STATEMENT OF FACTS / CRIMINAL HISTORY

The United States incorporates by reference the factual summary and the criminal history that is outlined in the PSR and A-PSR into its Sentencing Memorandum.

# III

# SENTENCING FACTORS

In determining a reasonable sentence, the Supreme Court held that the district court should apply a two-step analysis. See United States v. Cherer, 2008 WL 200553 (9th Cir., Jan. 25, 2008). First, the district court should begin the sentencing proceeding by correctly calculating the advisory Sentencing Guidelines ("Guidelines") range. See Rita v. United States, 127 S.Ct. 2456 (2007). Second, the district court should apply the factors set forth in 18 U.S.C. § 3553(a) (hereinafter "§ 3553(a)"). See United States v. Marcial-Santiago, 447 F.3d 715, 717 (9th Cir. 2006) (in reviewing the reasonableness of a sentence imposed, the Ninth Circuit will "consider whether the district court accurately calculated the Guidelines range and, if it did, whether the sentence is reasonable in light of the sentencing factors set

forth in 18 U.S.C. § 3553(a)."). After applying the two-step analysis in this case, the United States contends that the Court should sentence Defendant to 30 months in prison, which is the low-end of the advisory Guidelines, because it is reasonable and will address each of the goals set forth in § 3553(a).

### A. The Low-End Sentence Within the Guideline Range Is Reasonable

At this point, it is well-established that the Guidelines are advisory rather than mandatory. See United States v. Booker, 543 U.S. 220, 245 (2005); Gall v. United States, 128 S.Ct. 586 (2007). Nonetheless, the Supreme Court has held that "[t]he district courts, while not bound to apply the guidelines, must consult those Guidelines and take them into account when sentencing" in accordance with the factors set forth in 18 U.S.C. § 3553. Booker, 543 U.S. at 264.

#### 1. *The Base Offense Level*

Defendant pled guilty to misuse of a United States passport. The base offense level is 8. See USSG § 2L2.2.

#### 2. *Prior Deportation*

The Guidelines provide for a two-level adjustment for Defendant's prior deportation. See USSG § 2L2.2(b)(1). Defendant is an unlawful alien who has been previously deported on more than one occasion from the United States to Mexico. In fact, Defendant was deported to Mexico on March 12, April 23, October 29, and November 9, 2007.

#### 3. *Use of a United States Passport*

The Guidelines provide for a four-level adjustment for Defendant fraudulently obtaining or using a United States passport. See USSG § 2L2.2(b)(3). In this case, Defendant knowingly paid someone in Mexico for a United States passport, which he knew did not belong to him, and he used it to gain entry into the United States.

#### 4. *Acceptance of Responsibility*

When the defendant clearly demonstrates acceptance of responsibility for his offense, the Court should decrease the base offense level by two levels. See USSG § 3E1.1(a). On January 15, 2008, Defendant accepted responsibility and pled guilty.

//

//

1            **5.**     *Total Offense Level*

2     As noted above, the base offense level is 8. There is a two-level adjustment for prior deportation

3 a four-level adjustment for using a United States passport, and, at this time, there is a three-level

4 adjustment for acceptance of responsibility. As such, the total offense level is 12.

5            **6.**     *Criminal History Category*

6     As discussed in detail in the PSR, and supported by the judicially noticeable documents in the

7 A-PSR, the United States contends that Defendant has 25 criminal history points, and therefore, is in

8 Criminal History Category VI.

9            **7.**     *Guideline Range*

10     With a total offense level of 12, and a Criminal History Category of VI, the Guideline range is

11 30 to 37 months. The United States, pursuant to the plea agreement, is recommending that Defendant

12 be sentenced to the low-end of the range, which is 30 months' imprisonment.

13     **B.**     **The § 3553(a) Factors Do Not Warrant a Variance from the Guidelines**

14     The United States contends that the advisory Guidelines take into account each of the broadly

15 referenced categories of factors stated in § 3553(a). See United States v. Myktiuk, 415 F.3d 606, 607-08

16 (7th Cir. 2005); United States v. Shannon, 414 F.3d 921, 924 (8th Cir. 2005). These factors include:

17 (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2)

18 the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and

19 the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued

20 by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among

21 defendants who have similar criminal records and have been found guilty of similar conduct; and (7)

22 the need to provide restitution to victims. 18 U.S.C. § 3553(a).

23     Here, Defendant is a 43 year old, Mexican citizen, with a substantial criminal history (as

24 discussed above) that has escalated over the years. [PSR 2-8.] Many of these prior convictions involve

25 theft and deceit. In addition, Defendant has numerous aliases that likely facilitated these crimes.

26     The nature of the instant offense is very serious. Defendant purchased a United States passport

27 in Mexico and used it to gain entry into the United States. The sentence imposed in this case must

28 reflect the seriousness of the offense conduct and provide specific deterrence to Defendant from

1  committing further crimes, as well as to deter others from engaging in similar offenses. One of the
2  concerns is that Defendant's family, including his surviving daughters, live in the United States. Any
3  sentence imposed must be sufficient to deter Defendant from committing a similar crime. The low-end
4  sentence of 30 months' imprisonment addresses the need to avoid unwarranted sentencing disparities
5  among defendants who have similar criminal records and have been found guilty of similar conduct.
6       Thus, in light of the § 3553(a) factors and the advisory guidelines, the Court should impose the
7  30-month sentence called for by the parties' plea agreement.

8  **IV**

9  **OBJECTIONS TO PRESENTENCE REPORT**

10       The United States has reviewed the supporting documentation provided by the U.S. Probation
11  Office. Based on the supporting documentation, the United States contends that Defendant has at least
12  13 criminal history points, placing him in a Criminal History Category VI. Furthermore, the Probation
13  Officer sufficiently explained in the A-PSR how the supporting documentation establishes that
14  Defendant has a total of 25 criminal history points. [See A-PSR at 2 (noting that the cases were
15  attributed to Defendant after "fingerprint-based, rap sheet national and local record checks were run in
16  Racine, Wisconsin, and Tucson, Arizona.").] The Probation Officer attached the judicially noticeable
17  documents to the A-PSR. As such, the United States agrees with the Probation Officer's calculation of
18  Defendant's criminal history and respectfully requests that Court adopt it in its analysis.

19  **V**

20  **RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

21       The Assistant U.S. Attorney met with Defense Counsel, John Fielding, on May 9, 2008 to
22  discuss sentencing in this case. On that date, the Assistant U.S. Attorney agreed to allow Mr. Fielding
23  to request a sentence of not less than 24 months' imprisonment based on the fact that Defendant
24  admitted that he returned to the United States shortly after learning of the death of his daughter in an
25  accident. Contrary to Defendant's Sentencing Memorandum (at 4), this agreement was **not** based on a
26  subsequent review of Defendant's criminal history, but rather, was based on the reason set forth above.
27  Nevertheless, it remains the United States' contention that a sentence of 30 months' imprisonment is
28  fair and appropriate in this case.

## VI
## **CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court sentence the Defendant in accordance with the United States' Sentencing Summary Chart, which recommends the Court sentence Defendant to 30 months' imprisonment, the low-end of the advisory Guideline range, followed by 3 years of supervised release.

DATED: June 2, 2008

    Respectfully submitted,

    KAREN P. HEWITT
    United States Attorney

    /s/ *Joseph J.M. Orabona*
    JOSEPH J.M. ORABONA
    Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Case No. 07CR3438-DMS |
| Plaintiff, ) | |
| ) | **CERTIFICATE OF SERVICE** |
| v. ) | |
| LADISLAO OCAMPO-FLORES, ) | |
| Defendant. ) | |

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **The United States' Sentencing Memorandum** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

John R. Fielding, Jr., Esq.
Law Offices of John R. Fielding
402 west Broadway, Suite 1700
San Diego, California 92101
Tel: (619) 233-0467
Fax: (619) 233-0475
Email: jfieldingattyatlaw@yahoo.com
*Lead Attorney for Defendant*

A hard copy is being sent to chambers.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 2, 2008

/s/ **Joseph J.M. Orabona**
JOSEPH J.M. ORABONA
Assistant United States Attorney

07CR3438-DMS