# Exhibit 11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BEFORE HONORABLE DANA M. SABRAW, JUDGE PRESIDING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　PLAINTIFF. <br><br><br>LADISLAO OCAMPO FLORES,<br>　　　　DEFENDANT. | CASE NO. 07CR3438-DMS<br><br>SAN DIEGO, CALIFORNIA<br>　FRIDAY, MAY 9, 2008<br>　FRIDAY, JUNE 6, 2008 |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SENTENCING HEARINGS

COUNSEL APPEARING:
   FOR PLAINTIFF:       KAREN HEWITT. LAM,
                           UNITED STATES ATTORNEY
                           BY: JOSEPH J.M. ORABONA
                           ASSISTANT U.S. ATTORNEY
                           880 FRONT STREET
                           SAN DIEGO, CALIFORNIA 92101

   FOR DEFENDANT:      JOHN R. FIELDING, ESQ.
                           402 WEST BROADWAY, SUITE 1700
                           SAN DIEGO, CALIFORNIA 92101

   REPORTED BY:        LEE ANN PENCE
                           OFFICIAL COURT REPORTER
                           UNITED STATES COURTHOUSE
                           940 FRONT STREET, SUITE 2160
                           SAN DIEGO, CALIFORNIA 92101

```
 1   SAN DIEGO, CALIFORNIA - FRIDAY, MAY 9, 2008 - 10:10 A.M.
 2                              *  *  *
 3        THE CLERK:  NO. 7 ON CALENDAR, CASE NO. 07CR3438,
 4   UNITED STATES OF AMERICA VERSUS LADISLAO OCAMPO FLORES; ON FOR
 5   ACCEPTANCE OF PLEA AND SENTENCING.
 6        MR. FIELDING:  GOOD MORNING, YOUR HONOR.  JOHN
 7   FIELDING APPEARING ON BEHALF OF THE DEFENDANT, WHO IS IN
 8   CUSTODY AND NOT YET PRESENT.
 9        THE COURT:  GOOD MORNING.
10        MR. ORABONA:  GOOD MORNING, YOUR HONOR.  JOSEPH
11   ORABONA ON BEHALF OF THE UNITED STATES.
12        THE COURT:  GOOD MORNING.
13        MR. FIELDING:  YOUR HONOR, THE DEFENDANT IS NOW
14   PRESENT.
15        THE COURT:  THANK YOU.
16        MR. FIELDING:  YOUR HONOR, WE HAD FILED OBJECTIONS
17   TO THE PRESENTENCE REPORT REGARDING THE CRIMINAL HISTORY.
18        THE COURT:  YES.
19        MR. FIELDING:  WE NEVER RECEIVED ANY REPLY.  I DON'T
20   KNOW WHAT THE COURT'S INTENTION IS, IS TO DEEM THE OBJECTIONS
21   SUSTAINED?
22        THE COURT:  I WANTED TO ADDRESS THAT.
23        I INVITED THE PROBATION DEPARTMENT TO PROVIDE A
24   SUPPLEMENTAL ADDENDUM TO THE P.S.R.  I RECEIVED AN E-MAIL FROM
25   THE PROBATION DEPARTMENT YESTERDAY, BUT IT IS MY IMPRESSION
```

1  THAT YOU HAVE NOT RECEIVED THAT SAME.
2           **MR. FIELDING:** I HAVE NOT RECEIVED IT.
3           **THE COURT:** DO WE HAVE AN EXTRA COPY OF THAT E-MAIL?
4           **MR. ORABONA:** I HAVE NOT RECEIVED ANYTHING EITHER,
5  YOUR HONOR. I EXPECTED AN ADDENDUM, AS WELL.
6           **THE CLERK:** DO YOU HAVE A COPY SO THAT I CAN RUN A
7  COPY?
8           **THE COURT:** I DO.
9           WE WILL RUN A COPY OF IT, AND WE WILL TRAIL THIS
10 MATTER. IF YOU BELIEVE YOU NEED ADDITIONAL TIME TO ADDRESS
11 THE MATTER SET FORTH IN THIS E-MAIL, WE CAN RESCHEDULE THE
12 SENTENCING, OR WE CAN PROCEED LATER THIS MORNING WITH THE
13 SENTENCING.
14          **MR. FIELDING:** NOT KNOWING WHAT THE E-MAIL SAYS,
15 DOES THE COURT HAVE A TENTATIVE?
16          **THE COURT:** YES.
17          FIRST, IF I HAVEN'T ALREADY ACCEPTED THE PLEA, I
18 HAVE REVIEWED THE FINDINGS AND RECOMMENDATIONS OF MAGISTRATE
19 JUDGE BATTAGLIA. THERE ARE NO OBJECTIONS, THE PLEA IS
20 THEREFORE ACCEPTED.
21          YOU HAVE REVIEWED THE P.S.R. WITH YOUR CLIENT?
22          **MR. FIELDING:** YES, SIR.
23          **THE COURT:** I REVIEWED THE P.S.R., THE DEFENDANT'S
24 OBJECTIONS TO THE P.S.R., THE ADDENDUM TO THE P.S.R., THE
25 GOVERNMENT'S SENTENCING SUMMARY CHART, THE OBJECTIONS TO THE

1   CRIMINAL HISTORY OF THE P.S.R., AND FINALLY THIS E-MAIL THAT

2   WAS SENT TO ME BY THE PROBATION DEPARTMENT ON 5-8-08 AT 11:30

3   A.M., A COPY OF WHICH HAS NOW BEEN PROVIDED TO COUNSEL,

4   ADDRESSING THE OBJECTIONS TO THE P.S.R.

5              I HAVE ALSO REVIEWED THE DEFENDANT'S MOTION TO

6   DISMISS.  THE TENTATIVE IS TO DENY THAT MOTION.

7              THE FURTHER TENTATIVE, BASED ON THE INFORMATION

8   PROVIDED WITHIN THE E-MAIL, IS TO DENY THE OBJECTIONS TO THE

9   P.S.R. WITH RESPECT TO THE CRIMINAL HISTORY.  BUT I WOULD LIKE

10  TO HEAR DISCUSSION ON THAT.

11             AND A FURTHER TENTATIVE IS TO FOLLOW THE

12  RECOMMENDATION OF THE GOVERNMENT, SENTENCE AT THE LOW END AT

13  30 MONTHS.

14             **MR. FIELDING:**  THANK YOU, YOUR HONOR.

15             YOUR HONOR, I HAVEN'T HAD AN OPPORTUNITY TO READ

16  THAT.  COULD WE CONTINUE THIS MATTER?

17             **THE COURT:**  YES.

18             SO I WOULD LEAVE IT TO YOU, COUNSEL.  EITHER WE CAN

19  TRAIL IT THIS MORNING OR SET ANOTHER DATE.

20             **MR. FIELDING:**  I WOULD JUST AS SOON CONTINUE IT SO I

21  WOULD HAVE A CHANCE TO LOOK AT IT.

22             **THE COURT:**  THAT WOULD BE FINE.

23             (DISCUSSION OFF THE RECORD BETWEEN DEFENDANT AND

24  COUNSEL).

25             **MR. FIELDING:**  YOUR HONOR, COULD WE HAVE ABOUT

```
 1   THREE WEEKS?
 2           THE COURT:  YES.
 3           WHAT IS A GOOD DATE?  THE 30TH?
 4           THE CLERK:  THE 30TH IS FINE.  MAY 30.
 5           THE COURT:  CONVENIENT FOR THE GOVERNMENT?
 6           MR. ORABONA:  I AM SORRY.  I DIDN'T HEAR THE DATE.
 7           THE COURT:  MAY 30.
 8           MR. ORABONA:  I WILL BE OUT OF THE DISTRICT THAT
 9   DAY, YOUR HONOR.  THE FOLLOWING WEEK IS AVAILABLE.
10           THE COURT:  JUNE 6.
11           DOES THAT WORK FOR YOU, MR. FIELDING?
12           MR. FIELDING:  JUNE 5 WORKS.
13           THE COURT:  I AM SORRY.  IT WAS JUNE 6, FRIDAY.
14           MR. FIELDING:  JUNE 6?
15           THE COURT:  YES.
16           MR. FIELDING:  9:00?
17           THE COURT:  YES.
18           MR. FIELDING:  THAT WOULD BE FINE.
19           THE COURT:  WE WILL SET IT OUT TO JUNE 6 AT
20   9:00 A.M.
21           TO MAKE A MORE COMPLETE RECORD I WILL ASK THAT THE
22   PROBATION DEPARTMENT SUBMIT A SUPPLEMENTAL ADDENDUM TO THE
23   P.S.R.  I HAVE THE E-MAIL, BUT IF YOU COULD SET IT OUT IN A
24   SUPPLEMENTAL ADDENDUM AND PLEADING FORMAT AND PROVIDE ANY
25   ADDITIONAL INFORMATION THAT YOU BELIEVE IS APPROPRIATE, THAT
```

```
 1   WOULD BE APPRECIATED.  I WILL ASK THAT IT BE FILED BY NO LATER
 2   THAN -- WELL, LET'S HAVE IT TWO WEEKS FROM TODAY, WHICH WOULD
 3   BE MAY 23.  THEN COUNSEL WILL HAVE APPROPRIATE TIME TO FILE
 4   ANY SUPPLEMENTAL BRIEFING, IF YOU BELIEVE IT IS NECESSARY.
 5           MR. FIELDING:  THANK YOU, YOUR HONOR.
 6           MR. ORABONA:  YOUR HONOR, JUST A REQUEST -- AND THIS
 7   MIGHT BE A LITTLE UNUSUAL ON BEHALF OF THE GOVERNMENT.
 8           IF PROBATION COULD PROVIDE ANY OF THEIR SUPPORTING
 9   DOCUMENTATION FOR THOSE CONVICTIONS THAT THEY COLLECTED, IF
10   YOUR HONOR COULD ORDER THAT, PROVIDE IT TO BOTH TO
11   MR. FIELDING AND I, THAT WOULD HELP US WITH OUR RESPONSE.
12           THE COURT:  ALL RIGHT.  THAT IS A FAIR REQUEST.
13           ANY SUPPORTING DOCUMENTATION PROVIDED TO COUNSEL BY
14   MAY 23, AS WELL.
15           THANK YOU.
16           MR. FIELDING:  THANK YOU.
17           MR. ORABONA:  YOUR HONOR, ONE LAST THING.
18           JUST FOR THE RECORD, I NOTICED YOUR HONOR HAD
19   REJECTED WHAT APPEARED TO BE A 2255 PETITION THAT THE
20   DEFENDANT HAD FILED.
21           I JUST WANT TO REMIND THE DEFENDANT THAT PURSUANT TO
22   HIS PLEA AGREEMENT, THAT HE HAS WAIVED HIS RIGHT TO APPEAL OR
23   COLLATERALLY ATTACK HIS SENTENCE.
24           AND WHILE YOUR HONOR HAS NOT ISSUED A SENTENCE IN
25   THIS CASE, THE GOVERNMENT DOES CONSIDER ADVERSE THE
```

```
 1   DEFENDANT'S FILING A 2255 PETITION PRIOR TO THE SENTENCING.
 2   AND THAT COULD AFFECT THE GOVERNMENT'S RECOMMENDATION AT THE
 3   TIME OF SENTENCING.  THE GOVERNMENT WOULD JUST LIKE TO CAUTION
 4   THE DEFENDANT ABOUT THAT.
 5            MR. FIELDING:  YOUR HONOR, I JUST LEARNED OF THAT
 6   TODAY.  IT IS MY UNDERSTANDING THAT MR. OCAMPO FLORES WAS
 7   GOING THROUGH SOME EMOTIONAL CRISIS AT G.E.O.  I CONTACTED
 8   ELLIE KLEIN OVER AT MCC -- THIS ALL HAS TO DO WITH THE DEATH
 9   OF HIS DAUGHTER -- AND SHE HAD HIM GO TO MCC, AND APPARENTLY
10   HE IS DOING BETTER.
11            THE COURT:  I WILL SIMPLY DEFER ON THAT ISSUE.
12            MR. ORABONA:  THANK YOU.
13            THE COURT:  THANK YOU.
14                           *  *  *
15
16
17
18
19
20
21
22
23
24
25
```

```
 1        SAN DIEGO, CALIFORNIA - FRIDAY, JUNE 6, 2008 - 9:15 A.M.
 2                                  *   *   *
 3             THE CLERK:  NO. 5 ON CALENDAR, CASE NO. 07CR3438,
 4   UNITED STATES OF AMERICA VERSUS LADISLAO OCAMPO FLORES; ON FOR
 5   SENTENCING.
 6             MR. ORABONA:  GOOD MORNING, YOUR HONOR.  JOSEPH
 7   ORABONA ON BEHALF OF THE UNITED STATES.
 8             MR. FIELDING:  GOOD MORNING, YOUR HONOR.  JOHN
 9   FIELDING APPEARING ON BEHALF OF THE DEFENDANT.
10             THE COURT:  GOOD MORNING.
11             MR. FIELDING:  THE DEFENDANT IS NOW PRESENT, YOUR
12   HONOR.
13             THE COURT:  GOOD MORNING.
14             WE ARE READY TO PROCEED?
15             MR. FIELDING:  YES, WE ARE, YOUR HONOR.
16             THE COURT:  I HAVE REVIEWED THE FINDINGS AND
17   RECOMMENDATIONS OF MAGISTRATE JUDGE BATTALIA.  THERE ARE NO
18   OBJECTIONS.  THE PLEA IS ACCEPTED.
19             I HAVE REVIEWED THE P.S.R., THE DEFENDANT'S
20   OBJECTIONS TO THE P.S.R., THE ADDENDUM TO THE P.S.R., THE
21   GOVERNMENT'S SENTENCING SUMMARY CHART, AND THE DEFENDANT'S
22   SENTENCING MEMORANDUM, AS WELL AS THE GOVERNMENT'S SENTENCING
23   MEMORANDUM.
24             THERE WAS ALSO A MOTION TO DISMISS FILED BY MR.
25   OCAMPO FLORES.
```

1      WE POSTPONED THIS HEARING LAST TIME TO ADDRESS
2 OBJECTIONS TO THE P.S.R.  THE TENTATIVE WOULD BE, IN LIGHT OF
3 THE FOLLOW-UP BRIEFING AND INFORMATION PROVIDED, TO DENY THE
4 OBJECTIONS TO THE P.S.R.  TO, BY WAY OF FURTHER TENTATIVE,
5 ADOPT THE GUIDELINE CALCULATIONS SET FORTH BY THE GOVERNMENT.
6      THERE IS MENTION, WHILE THE LOW END OF THE GUIDELINE
7 RANGE IS 30 MONTHS, THAT THE GOVERNMENT WOULD NOT OPPOSE A
8 3553(A) SENTENCE AT 24 MONTHS.
9      I WASN'T CLEAR WHETHER THERE WAS AN OBJECTION OR NOT
10 ON THAT ISSUE.
11      **MR. ORABONA:**  WELL, YOUR HONOR, THE GOVERNMENT'S
12 POSITION IS THAT THE 30-MONTH RECOMMENDATION, ORIGINALLY AS
13 FOUND BY BOTH PARTIES, IS REASONABLE.  I LAID THAT OUT IN MY
14 SENTENCING MEMORANDUM.
15      WHAT I WAS TRYING TO MAKE CLEAR TO THE COURT IS THAT
16 THERE IS A SITUATION HERE, THAT THE DEFENDANT'S RATIONALE FOR
17 COMING INTO THE UNITED STATES, WHICH IS BASED ON HIS
18 DAUGHTER'S DEATH IN THAT CAR ACCIDENT.  AND AFTER TALKING WITH
19 DEFENSE COUNSEL, I ALLOWED DEFENSE COUNSEL TO ASK FOR AT LEAST
20 SIX MONTHS LESS THAN THAT, BASED ON THAT FACT.  I WANTED THE
21 COURT TO CONSIDER THAT FACT, BECAUSE I THINK THAT THAT IS
22 SOMETHING THAT IS EXTRAORDINARY IN THESE CIRCUMSTANCES.
23      THE GOVERNMENT'S POSITION IS STILL THAT A 30-MONTH
24 SENTENCE IN THIS CASE IS REASONABLE IN LIGHT OF THE POTENTIAL
25 FOR THE 1028(A) THAT WAS NOT CHARGED IN THIS CASE, WHICH HE

```
 1   COULD HAVE BEEN FACING AS MUCH AS 54 MONTHS.
 2            I DID ALLOW MR. -- THE DEFENSE COUNSEL --
 3            MR. FIELDING:  FIELDING.
 4            MR. ORABONA:  MR. FIELDING TO MAKE THAT
 5   RECOMMENDATION DOWN TO 24 MONTHS.
 6            THE COURT:  THANK YOU FOR THAT CLARIFICATION.
 7            MR. FIELDING.
 8            MR. FIELDING:  THANK YOU, YOUR HONOR.
 9            AND WE THANK THE GOVERNMENT FOR ALLOWING US TO MAKE
10   THAT ARGUMENT.
11            AS THE COURT CAN SEE, THE IMPACT OF MR. OCAMPO'S --
12   DEATH OF HIS MIDDLE DAUGHTER HAS AFFECTED HIM DRAMATICALLY.
13   HE IS -- HE HAD TO BE MOVED FROM G.E.O. TO THE MCC SO THAT HE
14   COULD GET PSYCHIATRIC HELP.
15            HE IS JUST NOT HANDLING THE GRIEF PROCESS WELL AT
16   ALL.  HE WAS NOT ABLE TO ATTEND HER FUNERAL.  HE HAS NEVER
17   BEEN ABLE TO VISIT HER GRAVESITE.  THERE IS NO CLOSURE.
18            HE WASN'T COMING BACK INTO THIS COUNTRY TO DO ANY
19   CRIME.  ALL HE WANTED TO DO WAS SEE IF HE COULD OBTAIN SOME
20   TYPE OF CLOSURE.
21            HE LIVED IN ILLINOIS FOR YEARS AND YEARS AND YEARS
22   AND HAD A THRIVING BUSINESS.  I BELIEVE AT ONE TIME, HE TOLD
23   ME, HE HAD OVER 50 EMPLOYEES.  AND HE PAID PAYROLL TAXES, HE
24   DID EVERYTHING LEGITIMATELY.
25            THEN HE WAS DEPORTED, AND THEN THERE WAS THE DEATH
```

1  OF THE DAUGHTER.  AND THE DEATH OF HIS DAUGHTER HAS JUST
2  DESTROYED HIM.  AND THE FACT THAT HE CAN'T SOMEHOW PHYSICALLY
3  PUT SOME TYPE OF CLOSURE TO IT BY EITHER VISITING -- HE
4  COULDN'T -- DID NOT ATTEND THE FUNERAL.  HIS WIFE WILL NOT
5  SPEAK TO HIM ABOUT THE DEATH OF THE DAUGHTER.  THE WHOLE
6  FAMILY HAS BASICALLY BEEN AFFECTED BY IT IN SUCH AN ADVERSE
7  WAY THAT IT IS JUST -- THE GRIEVING PROCESS JUST CONTINUES AND
8  CONTINUES.  AND MR. OCAMPO BEING KEPT OUT OF THE UNITED STATES
9  JUST -- I MEAN, IT IS JUST DESTROYING HIM THAT HE CAN'T HAVE
10 THIS CLOSURE.
11          AND WITH THAT I WOULD SUBMIT.  I THINK MR. OCAMPO
12 WOULD LIKE TO ADDRESS THE COURT.
13          **THE COURT:**  YES.
14          YOU DID REVIEW THE P.S.R. WITH YOUR CLIENT?
15          **MR. FIELDING:**  YES.
16          **THE COURT:**  SIR, DO YOU WISH TO SAY ANYTHING AT THIS
17 TIME?
18          **DEFENDANT OCAMPO FLORES:**  (THROUGH INTERPRETER)
19          I WOULD LIKE TO TELL YOUR HONOR THAT I CAME BACK TO
20 THIS COUNTRY BECAUSE MY DAUGHTER DIED AND IT AFFECTED ME VERY
21 MUCH.  I FELT DESPERATE AND I DIDN'T KNOW WHAT TO DO, SO I HAD
22 TO COME BACK HERE.
23          I PROMISE YOUR HONOR I WILL NOT COME BACK HERE IF
24 YOU GIVE ME AN OPPORTUNITY TO BE WITH MY FAMILY SOON.
25          THAT'S ALL.

```
 1              THE COURT:  THANK YOU.
 2              MR. FIELDING:  MAY I HAVE ONE MOMENT, PLEASE?
 3              THE COURT:  YES.
 4              (DISCUSSION OFF THE RECORD BETWEEN DEFENDANT AND
 5    COUNSEL)
 6              MR. FIELDING:  YOUR HONOR, ANY CUSTODIAL SENTENCE
 7    THAT THE COURT IMPOSES WE WOULD ASK THAT HE BE -- THAT THE
 8    COURT RECOMMEND THAT HE BE HOUSED AS CLOSE TO ILLINOIS AS
 9    POSSIBLE.
10              THE COURT:  ALL RIGHT.  FOR FAMILY REASONS?
11              MR. FIELDING:  YES.  THAT IS WHERE HE IS FROM.
12              THE COURT:  SUBMITTED BY THE GOVERNMENT?
13              MR. ORABONA:  SUBMITTED, YOUR HONOR.
14              THE COURT:  I WOULD START WITH A GUIDELINE
15    CALCULATION.  THE BASE OFFENSE LEVEL IS 8 UNDER 2L2.2.  IT IS
16    ADJUSTED UPWARD TWO LEVELS FOR THE PRIOR DEPORTATION UNDER
17    SECTION 2L2.2B1.  IT IS ADJUSTED UPWARD AN ADDITIONAL FOUR
18    LEVELS FOR THE FRAUDULENT USE OF A PASSPORT UNDER 2L2.2B3.
19    THERE IS A DOWNWARD ADJUSTMENT OF TWO LEVELS FOR ACCEPTANCE.
20    THAT PROVIDES A TOTAL OFFENSE LEVEL OF 12.  THE CRIMINAL
21    HISTORY SCORE IS 25, CRIMINAL HISTORY CATEGORY IS VI.  THE
22    GUIDELINE RANGE IS 30 TO 37 MONTHS.
23              WHETHER CHARACTERIZED AS A 5K.20 DEPARTURE OR A
24    3553(A) ADJUSTMENT, I DO BELIEVE THAT THE REQUESTED ADJUSTMENT
25    OR DEPARTURE IS WARRANTED.  ESSENTIALLY IT IS A TWO LEVEL
```

1  REQUEST.  I BELIEVE THAT MR. OCAMPO FLORES HAS MET HIS BURDEN
2  IN THAT REGARD.
3           THE NATURE OF THE CRIME WAS MOTIVATED BY A HIGHLY
4  UNUSUAL AND TRAUMATIC EVENT.  IT DOES JUSTIFY THE DEPARTURE.
5  AND WITH THAT DEPARTURE THE GUIDELINE RANGE WOULD BE AT 24 TO
6  30 MONTHS.
7           IN LOOKING AT THE BALANCE OF THE 3553(A) FACTORS,
8  THE NATURE AND THE CIRCUMSTANCES OF THE CRIME, AS I INDICATE,
9  HAVE SOME MITIGATING COMPONENTS TO IT DUE TO THE MOTIVATION
10 FOR ENTERING THE UNITED STATES BY WAY OF FALSE PASSPORT.
11          AS TO THE HISTORY AND THE CHARACTERISTICS OF MR.
12 OCAMPO, THERE ARE MANY PRIOR OFFENSES.  THERE ARE
13 THEFT-RELATED OFFENSES THAT APPROXIMATE SEVEN.  THERE ARE TWO
14 PRIOR 1325'S.  AND THERE ARE NUMEROUS ARRESTS, APPROXIMATELY
15 EIGHT, REGARDING THEFT.  AND THERE IS A PENDING THEFT CASE
16 FROM AN '03 INCIDENT.
17          ALL OF THOSE FACTORS, TAKEN INTO CONSIDERATION IN
18 ORDER TO ADEQUATELY PUNISH AND DETER, I BELIEVE A SENTENCE AT
19 THE LOW END OF THE RECALCULATED GUIDELINE RANGE IS A
20 REASONABLE AND APPROPRIATE SENTENCE, SUFFICIENT BUT NOT
21 GREATER THAN NECESSARY TO MEET THE 3553(A) FACTORS.
22          IT WOULD THEREFORE BE THE JUDGMENT AND SENTENCE OF
23 THE COURT THAT YOU BE, AND HEREBY ARE, SENTENCED TO A TERM OF
24 CUSTODY WITH THE BUREAU OF PRISONS AT 24 MONTHS.
25          STATUTORY FINE IS WAIVED.  SPECIAL ASSESSMENT OF

```
 1   $100 IS IMPOSED.
 2           SUPERVISED RELEASE WILL BE FIXED AT TWO YEARS.  ALL
 3   STANDARD AND MANDATORY TERMS AND CONDITIONS WILL APPLY, AND
 4   THE FOLLOWING SPECIAL CONDITION ALSO WILL APPLY:  ONCE
 5   DEPORTED, EXCLUDED OR ALLOWED TO VOLUNTARILY RETURN TO MEXICO,
 6   ALL SUPERVISION WILL BE WAIVED.  YOU MAY NOT RETURN TO THE
 7   UNITED STATES ILLEGALLY.  IF YOU DO RETURN LEGALLY YOU MUST
 8   REPORT TO THE PROBATION DEPARTMENT WITHIN 24 HOURS.
 9           ALL OF THESE TERMS AND CONDITIONS WILL BE PROVIDED
10   TO YOU AT THIS TIME IN SPANISH AND IN ENGLISH.  DO READ THEM
11   CAREFULLY.  THEY ARE IN FULL FORCE AND EFFECT FOR TWO YEARS
12   FOLLOWING YOUR RELEASE FROM CUSTODY.  IF YOU VIOLATE ANY OF
13   THESE CONDITIONS YOU WILL BE SUBJECT TO ADDITIONAL PUNISHMENT
14   FOR UP TO TWO YEARS.
15           DO YOU UNDERSTAND?
16           **DEFENDANT OCAMPO FLORES:**  YES.
17           **THE COURT:**  IN ADDITION, THERE WOULD NOT BE A RIGHT
18   TO APPEAL OR THE ABILITY TO LATER COLLATERALLY ATTACK THE
19   SENTENCE AND JUDGMENT, AS YOU HAVE BEEN SENTENCED IN
20   ACCORDANCE WITH YOUR PLEA AGREEMENT.
21           DO YOU UNDERSTAND?
22           **DEFENDANT OCAMPO FLORES:**  I WILL NOT BE ABLE TO
23   APPEAL?
24           **THE COURT:**  NOT IN ACCORDANCE WITH THE PLEA
25   AGREEMENT.  IN OTHER WORDS, YOU WERE SENTENCED AS CONTEMPLATED
```

```
 1   BY THE PLEA AGREEMENT, SO PURSUANT TO THAT PLEA AGREEMENT
 2   THERE WOULD BE A WAIVER OF ANY RIGHT TO APPEAL OR ANY ABILITY
 3   TO LATER COLLATERALLY ATTACK THE SENTENCE AND JUDGMENT.
 4            DEFENDANT OCAMPO FLORES:  WELL, THE PLEA AGREEMENT
 5   THAT I SIGNED WAS 13 MONTHS.
 6            MR. FIELDING:  YOUR HONOR, THE PLEA AGREEMENT
 7   CONTEMPLATED A CATEGORY I OR II.
 8            THE COURT:  THE PLEA AGREEMENT ALSO SPECIFIED THAT
 9   THERE WAS NO COMMITMENT AS TO CRIMINAL HISTORY CATEGORY, AND
10   THAT YOUR CRIMINAL HISTORY CATEGORY WOULD BE ASSIGNED THROUGH
11   THE EFFORTS OF THE PROBATION DEPARTMENT.
12            THAT CRIMINAL HISTORY CATEGORY IS AT A LEVEL VI,
13   WHICH OBVIOUSLY INCREASES THE GUIDELINE RANGE AND THE 3553(A)
14   SENTENCING FACTORS.
15            SO IN LIGHT OF THE EXPRESS TERMS OF THE PLEA
16   AGREEMENT, THE PLEA COLLOQUY THAT WAS HAD WITH YOU, THERE
17   WOULD BE A WAIVER OF YOUR APPELLATE RIGHTS AND ANY ABILITY TO
18   LATER COLLATERALLY ATTACK THE SENTENCE AND JUDGMENT, BECAUSE
19   IN TRUTH AND IN FACT YOU WERE SENTENCED IN ACCORDANCE WITH
20   THAT PLEA AGREEMENT.
21            DO YOU UNDERSTAND?
22            DEFENDANT OCAMPO FLORES:  YES.
23            THE COURT:  IN ADDITION, I WOULD RECOMMEND PLACEMENT
24   IN AND AROUND THE AREA OF ILLINOIS --
25            MR. FIELDING:  THAT IS CORRECT, YOUR HONOR.
```

```
 1        THE COURT:  -- FOR FAMILIAL REASONS.  IT WOULD
 2   ULTIMATELY BE UP TO THE BUREAU OF PRISONS WHETHER YOU ARE
 3   PLACED THERE, BUT I WOULD MAKE THAT RECOMMENDATION.
 4        THANK YOU, AND GOOD LUCK TO YOU.
 5        DEFENDANT OCAMPO FLORES:  THANK YOU.
 6        MR. ORABONA:  YOUR HONOR, AT THIS TIME THE UNITED
 7   STATES WOULD MOVE TO DISMISS ANY UNDERLYING INDICTMENT.
 8        THE COURT:  THAT MOTION IS GRANTED.
 9        MR. ORABONA:  JUST FOR THE RECORD, THE MOTION FILED
10   BY THE DEFENDANT IS DENIED?
11        THE COURT:  YES.  I WOULD STAND ON THE TENTATIVE,
12   DENY THAT MOTION.
13
14                         * * *
15        I CERTIFY THAT THE FOREGOING IS A CORRECT
             TRANSCRIPT FROM THE RECORD OF PROCEEDINGS
16           IN THE ABOVE-ENTITLED MATTER.

17           S/LEEANN PENCE                         8/28/08
18           LEEANN PENCE, OFFICIAL COURT REPORTER  DATE
```